IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN-BRANDEE WILLIAMS,<br><br>          Plaintiff,<br><br>v.<br><br>CORINE DEYTON, in her official capacity as Mayor of Forest Park; SPARKLE ADAMS, in her official capacity as Council Member and Mayor Pro Tem of Forest Park; JOE WIMBERLY, in his official capacity as Chairman of the Forest Park Board of Ethics; and CITY OF FOREST PARK,<br><br>          Defendants. | 1:11-cv-512-WSD |

## ORDER

This matter is before the Court on Plaintiff Karen-Brandee Williams's Motion to Reopen Case [12].

**I.    BACKGROUND**

Plaintiff was formerly a member of the City Council for the City of Forest Park, Georgia. On November 17, 2010, several residents of Forest Park filed an ethics complaint against Plaintiff alleging 25 violations of the City's Code of Ethics. Pursuant to its Ethics Code, Forest Park initiated ethics proceedings

against Plaintiff. The sanctions for violating the City's Code of Ethics range from written or oral reprimand by the City Council to removal from office in accordance with state and local laws.

On February 22, 2011, Plaintiff, represented by counsel, filed a lawsuit in this Court against Forest Park, the mayor, the mayor *pro tem*, and the chair of the Ethics Board. Plaintiff also filed a motion for preliminary injunctive relief. In both her Complaint and her Motion, Plaintiff claimed that Forest Park's Code of Ethics and its associated proceedings, which may result in the City Council voting to sanction council members found to have violated the Code of Ethics, constituted an unconstitutional bill of attainder. U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any Bill of Attainder . . . .").

On March 1, 2011, the Court conducted a hearing on Plaintiff's Motion for a Preliminary Injunction. The parties agreed at the hearing that the case involved a pure question of law and consented to the Court issuing a final judgment on the merits of Plaintiff's claim.

On March 14, 2011, the Court issued its Order denying Plaintiff's claims for relief and dismissing Plaintiff's case. (Order dated Mar. 14, 2011 [10] (the "Final Order")). The Court held: "[A] legislative body's imposition of discipline on a member of the legislative body does not implicate the prohibition on bills of

attainder. Even if it did, historical experience demonstrates that such actions are highly unlikely to be deemed 'legislative punishment' . . . ." (Final Order 14). The Court noted, for example, the Sixth Circuit's conclusion that "'the Bill of Attainder Clause does not outlaw legislative action against a specific legislator. Legislative bodies may censure, suspend or otherwise discipline a member. They have done so under English and American law for centuries.'" (Id. at 16 (quoting Zilich v. Longo, 34 F.3d 359, 362 (6th Cir. 1994)). The Court further noted that legislatures take such actions primarily not to punish individuals, but to protect against abuses of power, maintain public trust, and preserve institutional integrity. (Id. at 24). The sanctions authorized by Forest Park's Code of Ethics, including reprimands, requests for resignations, small fines, and expulsion, were not bills of attainder because they did not constitute "legislative punishment." (Id. at 25).

On March 14, 2011, the Clerk entered a judgment dismissing Plaintiff's case. Plaintiff did not appeal the Final Order or the Judgment, which became final at the expiration of the time for filing a notice of appeal, on April 18, 2011.

Four months later, on July 18, 2011, Plaintiff, proceeding *pro se*, filed her Motion to Reopen Case. She specifically sought to enjoin the Forest Park City Council's final hearing on whether to remove Plaintiff from office. She also re-filed the same complaint and brief that her attorneys had originally filed on her

behalf, with her own commentary added in bold after some paragraphs. Plaintiff was removed from office on July 28, 2011.

## II.  DISCUSSION

The Court has reviewed Plaintiff's additional comments in the edited complaint and brief that she filed with her Motion to Reopen Case. They contain no new relevant factual allegations. Generally, they note Plaintiff's belief that the City Council is acting out of bias and animosity toward her, that she did not violate or did not intentionally violate any ethics rules, and that the proposed sanction of removal from office is too severe in proportion to her alleged violations.

It is not clear on what basis Plaintiff seeks to reopen her case. If she seeks to file her new complaint as a separate lawsuit, that lawsuit would be barred as *res judicata*. That doctrine bars the filing of claims that were raised or could have been raised in an earlier proceeding. Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375 (11th Cir. 2011). *Res judicata* bars a subsequent case where "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)). Plaintiff's new complaint is nearly identical to her earlier complaint, involves the exact same

parties and the exact same causes of action that were asserted in the original complaint, and a final judgment has been entered against her on those claims. Her additional allegations about the imminent removal proceeding do not alter that her underlying claim is the same constitutional attack against the same provisions in Forest Park's Code of Ethics.

Plaintiff's Motion also cannot be construed as a motion for reconsideration. Such motions must be filed within 28 days of the order or judgment for which reconsideration is sought. LR 7.2E, NDGa. Over four months passed between the Court's Final Order in this case and the filing of Plaintiff's Motion. Also, a motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999). Plaintiff has not asserted that there is newly discovered evidence that is relevant to the constitutional issue in this case, which in any event only involved a question of law. Nor has Plaintiff indicated any intervening development or change in controlling law that would undermine or alter the conclusions of the Final Order. Finally, Plaintiff has not indicated any clear error of law or fact in the Final Order that is required to be corrected.

Finally, Plaintiff has not submitted any grounds to justify granting relief from the Final Order.  Federal Rule of Civil Procedure 60(b) provides the limited circumstances under which a Court will relieve a party from a final judgment or order.  These include "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, that the judgment is void, or that the judgment has been satisfied or is no longer applicable.  Id.  None of these circumstances apply here to Plaintiff's successive attack against the same Code of Ethics provisions on the same grounds.

The Court discerns no basis or reason to reopen those issues that were decided in the Final Order and Final Judgment issued by this Court on March 14, 2011.  Plaintiff's Motion to Reopen is therefore required to be denied.  Her requests for injunctive relief and the City's Motion to Dismiss are denied as moot.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Karen-Brandee Williams's Motion to Reopen Case [12] is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss [14] is **DENIED** as moot.


**SO ORDERED** this 24th day of February, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE